WILLIAM E. MOORE v. PROPST CONSTRUCTION COMPANY.

(Filed 12 April, 1961.)

APPEAL by plaintiff from *Carr, J.,* November, 1960 Civil Term, VANCE Superior Court.

Civil action in which the plaintiff sought to recover for personal injury and property damages sustained when the 1957 model Pontiac sedan driven by plaintiff's brother ran into a mound of crushed stone placed by the defendant on the paved portion of U.S. Highway 1-A near Henderson, North Carolina. The pleadings raise issues of

negligence, contributory negligence, and damages. At the trial both parties introduced evidence. The jury found defendant guilty of negligence and the plaintiff guilty of contributory negligence. From the judgment dismissing the action, the plaintiff appealed.

*Sterling G. Gilliam, B. H. Hicks, for plaintiff, appellant.*
*Teague, Johnson & Patterson, Bennett Perry, Jr., Ronald C. Dilthey, for defendant, appellee.*

PER CURIAM. The plaintiff charged that the defendant on and prior to December 25, 1957, as principal contractor, was engaged in relocating a portion of U.S. Highway No. 1 in Vance County, North Carolina, and negligently permitted the barricades, warning devices, and detour signs to be removed from a section of the highway under construction, and negligently placed a large mound of gravel or crushed stone on the hard surface of that part of the highway which should have been closed; that plaintiff's brother ran into the mound of stone, causing the plaintiff serious personal injury and damage to the vehicle.

The defendant denied negligence and set up, as a plea in bar, the contributory negligence of plaintiff's brother, as plaintiff's agent and driver, alleging that he was negligent in ignoring the warning signs on the highway, was driving faster than was prudent under existing conditions, operated the vehicle carelessly and negligently, and failed to keep a lookout; that his negligence in these respects caused or contributed to the accident and resulting injury.

The plaintiff assigned as error the admission and exclusion of testimony relating to the defendant's authority and responsibility for permitting traffic on the part of the highway under construction. We need not consider this assignment for the reason that the jury answered the issue of defendant's negligence in favor of the plaintiff, and that any error with respect to evidence on the issue was cured by the verdict.

For a second assignment of error the plaintiff has challenged one clause lifted from a sentence in the court's charge. The challenged part of the sentence, if standing alone, would constitute error. However, when properly considered in context, the clause was a part of the court's statement of the defendant's contentions. The plaintiff made no objection until after verdict. The charge, considered in its entirety, is clear, concise, and presented the issues impartially. No reason appears why the verdict should be disturbed.

No error.